## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Bryant Grant</u>
Plaintiff                                                    Case # _____
                                                             Judge _____

vs.

<u>City of West Palm Beach, Romario A Saunders</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [    ]
(Specify)

  9

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
     ☐ yes
     ☒ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
     ☒ no
     ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
     ☒ yes
     ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
     ☐ yes
     ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Rollande Joseph Adolphe     Fla. Bar # 93772
     Attorney or party     (Bar # if attorney)

Rollande Joseph Adolphe     11/13/2024
  (type or print name)     Date

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>    JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>    COUNTY, FLORIDA

<u>Bryant Grant</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>City of West Palm Beach, Romario A Saunders</u>
Defendant

**II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

NOT A CERTIFIED COPY

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [    ]
(Specify)

  9

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Rollande Joseph Adolphe      Fla. Bar # 93772
    Attorney or party                (Bar # if attorney)

Rollande Joseph Adolphe              11/13/2024
  (type or print name)             Date

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

BRYANT GRANT,

     Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

     Defendants.

_____/

## <u>COMPLAINT</u>

Plaintiff, BRYANT GRANT, sues Defendants, CITY OF WEST PALM BEACH,

a Florida municipal corporation, and ROMARIO A. SAUNDERS, individually, as follows:

1. This is an action for monetary damages in an amount greater than FIFTY

THOUSAND ($50,000.00) DOLLARS.

2. This Court has jurisdiction under § 26.012, *Fla. Stat.*

3. Venue is proper in this Court under § 47.011, *Fla. Stat.*, because one or more

Defendants reside, and the cause of action accrued, in Palm Beach County.

4. Plaintiff, BRYANT GRANT ("GRANT"), is a resident of Palm Beach County,

Florida, and is over the age of 18 years.

5. Defendant CITY OF WEST PALM BEACH ("CITY") is a municipal corporation

organized and operating under the statutes of the State of Florida.

6.     Defendant CITY was at all material times the employer and principal of the individual Defendant, ROMARIO A. SAUNDERS.

7.     Defendant ROMARIO A. SAUNDERS ("SAUNDERS") was, at all material times, employed by Defendant, CITY, as a law enforcement officer.

8.     At all material times, Defendant SAUNDERS acted under color of law and within the scope of his employment with Defendant, CITY.

9.     Defendant SAUNDERS is sued in his individual capacity for violating the constitutional and other legal rights of Plaintiff GRANT.

10.     All conditions precedent to filing this action have been performed, waived, or otherwise satisfied. Specifically, the notice required under § 768.28(6)(a), *Fla. Stat.*, was delivered April 4, 2024, to Tim Scott, Risk Manager for Defendant, CITY OF WEST PALM BEACH.

## FACTS COMMON TO ALL COUNTS

11.     ShotSpotter is acoustic surveillance technology that uses microphone sensors to identify potential gunfire incidents.

12.     In the City of West Palm Beach, ShotSpotter has primarily been deployed in predominantly Black neighborhoods, including Roosevelt Estates.

13.     Defendant CITY's use of this system has led to unconstitutional policing practices, resulting in unlawful stops and arrests, such as that of Plaintiff GRANT.

14.     On the evening of August 12, 2023, a certain ShotSpotter alert was issued, which triggered the events giving rise to this case.

15.     On the evening of August 12, 2023, Defendant SAUNDERS and other officers were dispatched to 9th Court in Roosevelt Estates due to a ShotSpotter alert, but SAUNDERS

and the other officers were directed to a location over 160 feet away from the GPS coordinates associated with the ShotSpotter alert.

16.     At all times material hereto, there was no evidence of gunfire at the location reported by ShotSpotter, no evidence of gunfire at the location to which SAUNDERS and the other officers were directed in response to the ShotSpotter alert, and no 911 calls were made about any shooting in the area.

17.     On the evening of August 12, 2023, Plaintiff GRANT was walking westbound on 9th Court in West Palm Beach, where he lived.

18.     At all times material hereto, Defendant, SAUNDERS, shouted at Plaintiff, GRANT, giving commands to raise his hands and turn around.

19.     At all times material hereto, Plaintiff GRANT, complied, raising his hands and turning, but after lowering his arms and asking a question, Defendant SAUNDERS lunged at Plaintiff, attempting to grab his wrist.

20.     At all times material hereto Plaintiff, GRANT, retreated, however, Defendant SAUNDERS tackled Plaintiff, causing Plaintiff to fall and suffer fractures in his left knee and leg.

21.     At all times material hereto, Defendant SAUNDERS continued to hold Plaintiff GRANT down until other officers arrived, who then physically assaulted Plaintiff, GRANT, before handcuffing him.

## COUNT I: UNLAWFUL SEIZURE IN VIOLATION OF
## THE FOURTH AMENDMENT

22.     Plaintiff, BRYANT GRANT, sues Defendant, ROMARIO A. SAUNDERS, individually, under 42 U.S.C. § 1983 as follows:

23.     Plaintiff GRANT incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

24.     The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures, ensuring that no person shall be seized without probable cause or individualized reasonable suspicion that they have committed, are committing, or are about to commit a crime.

25.     At all times material hereto, Defendant, SAUNDERS, acting under color of law and without a warrant, detained and seized Plaintiff GRANT on the evening of August 12, 2023.

26.     At all times material hereto, Defendant, SAUNDERS, lacked individualized reasonable suspicion or probable cause to believe that Plaintiff had committed, was committing, or was about to commit any crime.

27.     At all times material hereto, Defendant, SAUNDERS, based the detention and seizure of Plaintiff solely on an inaccurate ShotSpotter alert and the fact that Plaintiff was the first individual encountered in the area.

28.     At all times material hereto, Defendant, SAUNDERS, did not inform Plaintiff GRANT of any gunfire reports, ask whether Plaintiff had been involved in or witnessed any shooting, or seek consent before detaining Plaintiff.

29.     At all times material hereto, the seizure of Plaintiff GRANT, which was unsupported by individualized reasonable suspicion or probable cause, constituted an unlawful and unreasonable seizure in violation of the Fourth Amendment.

30.     As a direct and proximate result of the actions of Defendant, SAUNDERS, Plaintiff GRANT suffered the loss of his liberty, and he sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, an award of attorney fees under 42 U.S.C. § 1988(b), and further demands a trial by jury as to all triable issues.

## COUNT II: FALSE IMPRISONMENT UNDER FLORIDA LAW

31.     Plaintiff sues Defendant, ROMARIO A. SAUNDERS, for false imprisonment under Florida law as follows:

32.     Plaintiff, GRANT, incorporates the allegations set forth at paragraphs 1 through 21 as if fully set forth herein.

33.     Defendant, SAUNDERS, without legal authority, intentionally caused Plaintiff, GRANT, to be restrained against his will in a manner that was unreasonable and unwarranted under the circumstances.

34.     That restraint was a legal cause of injury to Plaintiff, GRANT.

35.     As a direct and proximate result of the actions of Defendant, SAUNDERS, Plaintiff GRANT, suffered loss of liberty and sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

36.     Therefore, Defendant, SAUNDERS, falsely imprisoned Plaintiff, GRANT, in violation of Florida law.

WHEREFORE, Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all issues so triable.

## COUNT III: BATTERY

37.     Plaintiff, BRYANT GRANT, sues Defendant, ROMARIO A. SAUNDERS, individually, under Florida law as follows:

38.     Plaintiff, GRANT, incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

39.     At all times material hereto, Defendant SAUNDERS, acting without consent, intentionally made harmful and offensive contact with the Plaintiff, GRANT, resulting in physical injury.

40.     At all times material hereto, Defendant, SAUNDERS, shouted aggressively at the Plaintiff, ordering him to show his hands and turn around.

41.     At all times material hereto, the Plaintiff, GRANT, complied with Defendant, SAUNDERS's commands, raised his arms, turned around, and remained compliant, though confused.

42.     At all times material hereto, without provocation, Defendant, SAUNDERS, lunged at Plaintiff, GRANT, and physically attacked him.

43.     At all times material hereto, Defendant, SAUNDERS, used his body weight to push and pin the Plaintiff to the asphalt, causing fractures to Plaintiff's left knee and tibia/fibula.

44.     As a direct and proximate result of the actions of Defendant, SAUNDERS, Plaintiff GRANT, sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE,** Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all triable issues.

## COUNT IV: NEGLIGENCE

45.     Plaintiff, BRYANT GRANT, sues Defendant, ROMARIO A. SAUNDERS, individually, under Florida law as follows:

46.     Plaintiff GRANT incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

47.     At all times material hereto, Defendant, SAUNDERS, owed a duty of care to the Plaintiff to act reasonably and avoid causing harm to him.

48.     At all times material hereto, Defendant, SAUNDERS, breached his duty of care by negligently initiating and escalating an unnecessary physical confrontation with the Plaintiff.

49.     At all times material hereto, Plaintiff, GRANT, complied, however, Defendant, SAUNDERS, escalated the encounter by physically attacking Plaintiff without cause, leading to Plaintiff's injury.

50.     At all times material hereto, Defendant, SAUNDERS's, negligent actions directly caused Plaintiff's physical harm.

51.     As a result of Defendant, SAUNDERS's, negligent actions, Plaintiff suffered severe injuries, including fractures to his left knee and leg, along with pain and emotional distress.

52.     As a direct and proximate result of the actions of Defendant, SAUNDERS, Plaintiff GRANT, sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all triable issues.

## COUNT V: VICARIOUS LIABILITY

53.     Plaintiff, BRYANT GRANT, sues Defendant, CITY OF WEST PALM BEACH, under Florida law as follows:

54.     Plaintiff, GRANT, incorporates by reference paragraphs 1 through 21, 31 through 36, 37 through 44, and 45 through 52 as if fully set forth herein.

55.     At all times material hereto, Defendant, CITY, is a municipal entity in Florida and the employer of Defendant, SAUNDERS.

56.     At all times material hereto, Defendant, SAUNDERS, was an employee or agent of Defendant CITY and was acting within the course and scope of his employment as a law enforcement officer.

57.     At all times material hereto, Defendant, SAUNDERS, while on duty as a law enforcement officer employed by Defendant, CITY, assaulted and battered Plaintiff, GRANT, leading to Plaintiff's injuries.

58.     At all times material hereto, Defendant, SAUNDERS's, wrongful acts occurred during the course of his employment with Defendant, CITY, and in the furtherance of his official duties.

59.     At all times material hereto, Defendant, CITY, was vicariously liable for the actions of its employee, Defendant SAUNDERS, under the doctrine of *respondeat superior*.

60.     As a direct and proximate result of the actions of Defendant, SAUNDERS, imputed on Defendant CITY, Plaintiff GRANT sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, CITY OF WEST PALM BEACH, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all triable issues.

### COUNT VI: NEGLIGENT HIRING, RETENTION, AND SUPERVISION

61.     Plaintiff, BRYANT GRANT, sues Defendant, CITY OF WEST PALM BEACH, under Florida law as follows:

62.     Plaintiff, GRANT, incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

63.     At all times material hereto, Defendant, CITY, had a duty to use reasonable care in hiring, retaining, and supervising its employees, including Defendant, SAUNDERS.

64.     At all times material hereto, Defendant, CITY, breached its duty by negligently hiring, retaining, and/or failing to supervise Defendant, SAUNDERS.

65.     At all times material hereto, Defendant, CITY, knew or reasonably should have known that Defendant, SAUNDERS, was unfit for his position as a law enforcement officer and posed a risk of harm to the public.

66.     At all times material hereto, Defendant, CITY, hired and/or retained Defendant, SAUNDERS, despite evidence or knowledge that he was unfit for duty.

67.     At all times material hereto, Defendant, CITY, failed to adequately train or supervise Defendant, SAUNDERS, allowing him to engage in aggressive and inappropriate conduct that violated his duty of care to the Plaintiff.

68.     At all times material hereto, Defendant, CITY, continued to retain Defendant, SAUNDERS, despite his demonstrated unfitness and failed to take reasonable measures to prevent harm to the public, including the Plaintiff.

69.     As a direct and proximate result of Defendant, CITY's negligence in hiring, retaining, and/or supervising Defendant SAUNDERS, Plaintiff, GRANT, sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, CITY OF WEST PALM BEACH, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all triable issues.

### COUNT VII: USE OF EXCESSIVE FORCE IN VIOLATION OF FOURTH AMENDMENT

70.     Plaintiff, BRYANT GRANT, sues Defendant, ROMARIO A. SAUNDERS, under 42 U.S.C. § 1983 as follows:

71.     Plaintiff, GRANT, incorporates the allegations set forth at paragraphs 1 through 21 as if fully set forth herein.

72.     Defendant, SAUNDERS, used excessive and unreasonable force against Plaintiff, GRANT, when Defendant, SAUNDERS, tackled Plaintiff, GRANT, forcing him to the asphalt and breaking his left leg.

73.     Defendant, SAUNDERS's use of force was unreasonable under the circumstances because there was no individualized reasonable suspicion that Plaintiff, GRANT, had committed, was committing, or was about to commit a crime.

74.     As a direct and proximate result of Defendant, SAUNDERS's use of excessive force, Plaintiff, GRANT, sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will

continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, an award of attorney fees under 42 U.S.C. § 1988(b), and further demands a trial by jury as to all triable issues.

### COUNT VIII: UNCONSTITUTIONAL POLICY OR CUSTOM IN VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

75.     Plaintiff, BRYANT GRANT, sues Defendant, CITY OF WEST PALM BEACH, under 42 U.S.C. § 1983 as follows:

76.     Plaintiff, GRANT, incorporates the allegations set forth at paragraphs 1 through 21, 22 through 30, and 70 through 74 as if fully set forth herein.

77.     Defendant, CITY, has a policy or custom of allowing its law enforcement officers to use ShotSpotter alerts to substitute for the individualized reasonable suspicion required under the Fourth Amendment.

78.     That policy or custom was applied or utilized by Defendant, SAUNDERS, when he violated Plaintiff's rights under the Fourth Amendment to be free from unreasonable searches and seizures and from the use of excessive force against him.

79.     The Defendant, CITY's policy or custom encouraged Defendant, SAUNDERS's unlawful actions and caused Plaintiff, GRANT, to suffer harms.

80.     As a direct and proximate result of Defendant, CITY's unconstitutional policy or custom, Plaintiff, GRANT, suffered loss of liberty and sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological

trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, CITY OF WEST PALM BEACH, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, an award of attorney fees under 42 U.S.C. § 1988(b), and further demands a trial by jury as to all triable issues.

## COUNT IX: EQUAL PROTECTION

81.     Plaintiff sues Defendant, CITY OF WEST PALM BEACH, under 42 U.S.C. §§ 1981 and 1983 for violating Plaintiff's rights to equal protection of the laws as follows:

82.     Plaintiff, GRANT, incorporates the allegations set forth at paragraphs 1 through 21, 70 through 74, and 75 through 80 as if fully set forth herein.

83.     Section 1 of the Fourteenth Amendment prohibits States from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amendment Fourteen, Section 1.

84.     Section 1981 of Title 42 reads:

> All persons within the jurisdiction of the United States shall have the same right ... to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens….

42 USC § 1981.

85.     The areas in which the ShotSpotter sensors are concentrated are occupied predominately by residents who are Black, Latino, or Hispanic.

86.     ShotSpotter sensors are mostly absent from areas with predominately White residents.

87.     Therefore, ShotSpotter alerts are triggered disproportionately in areas with predominately Black, Latino, and Hispanic residents.

88.     When police officers respond to ShotSpotter alerts, they are already on high alert, presuming a gun was fired even in the absence of corroborating 911 calls.

89.     When officers arrive at the place they were dispatched, they are primed to aggressively confront the people they encounter there, presuming their guilt.

90.     The residents of these areas are, therefore, exposed to a heightened risk of detention, invasive frisking, and bodily injury, arrest, and criminal prosecution should they try to assert their rights to be free from unreasonable searches and seizures or even question law enforcement officers, as Plaintiff, GRANT, did.

91.     The residents of these areas are required to live with the constant possibility of being subjected to terrifying, aggressive encounters from police officers.

92.     The residents of the predominately White areas are not subjected to these heightened risks.

93.     Therefore, the CITY's placement of ShotSpotter sensors, together with its policy of allowing ShotSpotter alerts to substitute for individualized reasonable suspicion, violate residents' rights to equal protection of the laws under the Fourteenth Amendment and as codified in 42 USC § 1981.

94.     As a direct and proximate result of Defendant, CITY OF WEST PALM BEACH's, violation of Plaintiff, GRANT's rights to equal protection of the laws, Plaintiff, GRANT, suffered loss of liberty and sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering.

Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, CITY OF WEST PALM BEACH, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, an award of attorney fees under 42 U.S.C.  § 1988(b), and further demands a trial by jury as to all triable issues.

ADOLPHE LAW GROUP, P.A
Attorney for Plaintiff
3918 Via Poinciana Drive Suite 1
Lake Worth, FL 33467
Telephone:      (561) 660-7776
Fax No.:         (561) 660-7082
rjadolphe@adolphelawgroup.com
dfacey@adolphelawgroup.com
BY:      */s/ Rollande J. Adolphe*
         Rollande J. Adolphe
         Florida Bar No. 93772

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.:

BRYANT GRANT,

      Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

      Defendants.

_____/

## NOTICE OF SERVING INTERROGATORIES TO DEFENDANT, CITY OF WEST PALM BEACH

      Plaintiff, BRYANT GRANT, by and through his undersigned attorneys, hereby gives notice that, pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, the original and one copy of the Interrogatories numbered 1 through 22 directed to the Defendant CITY OF WEST PALM BEACH have been furnished to said defendant by service of process.

      I HEREBY CERTIFY that a true copy of the foregoing has been furnished by service of process to the Defendant, CITY OF WEST PALM BEACH.

ADOLPHE LAW GROUP, P.A
Attorney for Plaintiff
3918 Via Poinciana Drive Suite 1
Lake Worth, FL 33467
Telephone:    (561) 660-7776
Fax No.:    (561) 660-7082
rjadolphe@adolphelawgroup.com
dfacey@adolphelawgroup.com
BY:    */s/ Rollande J. Adolphe*
      Rollande J. Adolphe
      Florida Bar No. 93772

NOT A CERTIFIED COPY

## <u>NOTES</u>

As used herein, the terms "you" and "your" refer to the parties to whom these Interrogatories are directed, and their predecessors, successors, insurance companies, agents, employees, investigators, representatives, and unless privileged, their attorneys.

As used herein, the term "person" includes a corporation, partnership or other business association or entity, a natural person, and any governmental body, commission, board or agency.

As used herein, the term "address" means the present or last known address.

As used herein, the term "incident" refers to the incident(s) sued upon.

The singular includes the plural.

## INTERROGATORIES TO DEFENDANT CITY OF WEST PALM BEACH

1.      Please state the name, address, and title of the person(s) answering these interrogatories on behalf of the City.

2.      Please identify by name, job title, and job description all individuals considered at the time of the incident to be policy makers for the City of West Palm Beach police department.

3.      When did the City first implement the use of ShotSpotter technology? Provide the date of initial deployment and any subsequent expansions of the system.

4.      Describe in detail the process by which the City decided to adopt ShotSpotter technology, including:

      a) Any studies, reports, or analyses conducted or reviewed,

      b) Public hearings or community input sessions held,

      c) Votes or decisions by city officials authorizing its use, and

      d) Authority of the mayor to adopt and implement ShotSpotter.





5.      Provide the total cost to the City for implementing and maintaining the ShotSpotter system since its adoption, broken down by year, and the funding source(s).

6.      Describe in detail your processes and procedures, in effect at the time of the incident, that were to be utilized from first receipt of a ShotSpotter alert to resolution or closing of your response to it. Were those processes and procedures followed when you received the ShotSpotter alert related to this incident? If not, describe the deviation.

7.      Describe in detail the City's policies and procedures regarding the use of ShotSpotter alerts by police officers, including any written guidelines or training materials.

NOT A CERTIFIED COPY

8.     How does the City measure the effectiveness of the ShotSpotter system? Provide any data, reports, or analyses regarding its performance since implementation.

9.     What is the false positive rate for ShotSpotter alerts in the City? How is this rate defined, calculated, and tracked?

10.     Describe any instances where the City has been made aware of ShotSpotter alerts leading to improper stops, searches, or arrests. How were these incidents addressed?

11.     Has the City conducted any analysis of the impact of ShotSpotter deployment on different racial or ethnic communities within its jurisdiction? If so, provide details of the findings.

12.     Describe the process for determining the geographic areas where ShotSpotter sensors are placed within the City. What criteria are used for this decision?

13.     Has the City received any complaints from residents or community organizations regarding the use of ShotSpotter? If so, describe the nature of these complaints and how they were addressed.

NOT A CERTIFIED COPY

14.     What oversight mechanisms does the City have in place to monitor the use of ShotSpotter by its police department?

15.     Describe any audits or reviews the City has conducted or commissioned regarding the effectiveness, accuracy, or constitutional implications of using ShotSpotter.

16.    Has the City considered or implemented any alternatives to ShotSpotter for addressing gun violence? If so, describe these alternatives and any comparative analyses conducted.

17.    Describe the training police officers receive specifically regarding the use of ShotSpotter alerts, including but not limited to how officers are to respond to these alerts, limitations of the technology, constitutional considerations for stops and searches based on these alerts, whether the training is mandatory or optional, and whether any of the officers who responded to the ShotSpotter alert at issue in this case received or successfully completed any such training.

NOT A CERTIFIED COPY

18.     Describe any and all changes the City has made to its policies or procedures regarding ShotSpotter use since its initial implementation.

19.     Has the City received complaints, pre-suit notifications, or been involved in any other litigation or legal claims related to its use of ShotSpotter? If so, provide details of each.

20.     What data does the City collect and retain regarding ShotSpotter alerts and subsequent police actions? How long is this data retained?

21.     Has the City conducted any analysis of the impact of ShotSpotter on police response times or resource allocation? If so, provide details of the findings.

22.     For each and every officer who responded to the scene of the incident in this case, provide their name, rank, badge number, the length of time employed by the City, and whether they currently remain employed by the City.

_____
On behalf of the City of West Palm Beach


Printed Name: _____


Position/Title: _____


STATE OF FLORIDA      )

                           :

COUNTY OF           )


        BEFORE ME, the  undersigned authority, personally

appeared _____ who swears and deposes that

he/she has read the Answers to Interrogatories  and  that the same

are true and correct to the best of his/her knowledge and belief.

        SUBSCRIBED AND SWORN to before me, this _____ day of

_____, 2024.

Notary Public, State of Florida

My Commission Expires:


Typed or printed name


___ Personally known


___ Provided I.D.


Type of I.D. Provided:

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

BRYANT GRANT,

      Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

      Defendants.

_____/

## NOTICE OF SERVING INTERROGATORIES TO DEFENDANT, ROMARIO A. SAUNDERS

    Plaintiff, BRYANT GRANT, by and through his undersigned attorneys, hereby gives notice that, pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, the original and one copy of the Interrogatories numbered 1 through 16 directed to the Defendant ROMARIO A. SAUNDERS have been furnished to said defendant by service of process.

    I HEREBY CERTIFY that a true copy of the foregoing has been furnished by service of process to the Defendant, ROMARIO A. SAUNDERS.

                    ADOLPHE LAW GROUP, P.A
                    Attorney for Plaintiff
                    3918 Via Poinciana Drive Suite 1
                    Lake Worth, FL 33467
                    Telephone:    (561) 660-7776
                    Fax No.:     (561) 660-7082
                    rjadolphe@adolphelawgroup.com
                    dfacey@adolphelawgroup.com
                    BY:    */s/ Rollande J. Adolphe*
                              Rollande J. Adolphe

NOT A CERTIFIED COPY

## <u>NOTES</u>

As used herein, the terms "you" and "your" refer to the parties to whom these Interrogatories are directed, and their predecessors, successors, insurance companies, agents, employees, investigators, representatives, and unless privileged, their attorneys.

As used herein, the term "person" includes a corporation, partnership or other business association or entity, a natural person, and any governmental body, commission, board or agency.

As used herein, the term "address" means the present or last known address.

As used herein, the term "incident" refers to the incident(s) sued upon.

The singular includes the plural.

NOT A CERTIFIED COPY

**INTERROGATORIES TO DEFENDANT ROMARIO A. SAUNDERS**

1.      Please state your full name, badge number, and current position in the City of West Palm Beach police department.

2.      How long have you been employed as a police officer? Please provide details of your law enforcement career, including education, dates of employment, positions held, and badge numbers.

3.      Describe in detail all training you have received regarding the use of ShotSpotter technology, including dates, duration, and content of such training.

4.      Before the incident involving the Plaintiff, how many times had you responded to ShotSpotter alerts? Of those responses, please indicate (a) how many times you were the first officer to arrive on the scene, and (b) in how many cases evidence was found that a firearm had been discharged.

5.      Describe in detail your understanding, as it was at the time of the incident involving the Plaintiff, of the reliability and accuracy of ShotSpotter technology. Please include in your answer whether or to what extent you were aware of any limitations or potential for false positives with ShotSpotter technology.

6.      Please provide a detailed account of the incident described in the complaint, including the events that led to your encounter with the Plaintiff and details of your encounter with the Plaintiff.



7.      Did you observe or collect any evidence of gunfire or a discharged weapon or did you recover any weapon from the Plaintiff at the scene of the incident or the immediate vicinity? If so, please describe in detail.

8.      Were there any witnesses to your encounter with the Plaintiff? If so, please provide their names and contact information.

9.      Prior to this incident, had you ever been accused of using excessive force or making a false arrest? If so, please provide details of each accusation, including dates and outcomes. For purposes of this interrogatory, accusations may come from any source, including complaints, internal affairs investigations, pre-litigation notices, emails, or phone messages to you or anyone else.

10.     Have you ever been disciplined or received additional training as a result of your use of force or arrest procedures related to this incident or any others? If so, please provide details.

11.     Describe the understanding you had, at the time of the incident, of the Fourth Amendment protections against unreasonable search and seizure. Please include details concerning your understanding of the need for individualized reasonable suspicion and/or consent.

12.     Describe in detail the content of any discussions you had with other officers or supervisors about this incident after it occurred.

13.     Have you ever received training on implicit bias or de-escalation techniques? If so, please describe the training, including dates and content.

14.     Did you consider any alternatives to using force or making an arrest immediately before or during your encounter with the Plaintiff? If so, what were they, and why did you decide against them?

15.     Are you aware of any other incidents in your department where ShotSpotter alerts led to questionable arrests or use of force? If so, please provide details.

16.     Please describe any changes in policy or procedure regarding responding to ShotSpotter alerts that have been discussed or implemented in your department since this incident.

_____
ROMARIO A. SAUNDERS


STATE OF FLORIDA      )

                             :

COUNTY OF         )


          BEFORE ME, the  undersigned authority, personally appeared _____ who swears and deposes that he/she has read the Answers to Interrogatories  and  that the same are true and correct to the best of his/her knowledge and belief.

          SUBSCRIBED AND SWORN to before me, this _____ day of _____, 2024.


Notary Public, State of Florida

My Commission Expires:


Typed or printed name


___ Personally known


___ Provided I.D.


Type of I.D. Provided:

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

BRYANT GRANT,

      Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

Defendants.

_____/

## REQUEST TO PRODUCE TO DEFENDANT,
## CITY OF WEST PALM BEACH

      Plaintiff, BRYANT GRANT, by and through his undersigned counsel, and pursuant to

the Florida Rules of Civil Procedure, requests the Defendant, CITY OF WEST PALM BEACH,

to produce the following for inspection and/or copying, at the offices of ADOLPHE LAW

GROUP, P.A.:

(**PLEASE NOTE**:    If unable to furnish originals of any photographs

requested herein, please provide laser copies, the expense for which to be borne by the

undersigned.)

      1.    All photographs and/or videotapes, including body cam, of the incident that forms

the basis of this lawsuit.

      2.    All writings, recordings, memoranda, notes or other materials reflecting

statements made by the parties or witnesses concerning any issues in this case.

      3.    All photographs, graphs, charts and other documentary evidence of the incident

scene, parties involved in or pertaining to the subject incident in this case.

4.      All writings, recordings, memoranda, notes or other materials reflecting statements made by any party or witness to this incident.

5.      All records related to or supporting your answer to Interrogatory 3 of the Interrogatories served simultaneously with this Request to Produce.

6.      All records related to or supporting your answer to Interrogatory 4 of the Interrogatories served simultaneously with this Request to Produce.

7.      All records related to or supporting your answer to Interrogatory 5 of the Interrogatories served simultaneously with this Request to Produce.

8.      All records related to or supporting your answer to Interrogatory 6 of the Interrogatories served simultaneously with this Request to Produce.

9.      All records related to or supporting your answer to Interrogatory 7 of the Interrogatories served simultaneously with this Request to Produce.

9.      All records related to or supporting your answer to Interrogatory 8 of the Interrogatories served simultaneously with this Request to Produce.

10.      All records related to or supporting your answer to Interrogatory 9 of the Interrogatories served simultaneously with this Request to Produce.

11.      All records related to or supporting your answer to Interrogatory 10 of the Interrogatories served simultaneously with this Request to Produce.

12.      All records related to or supporting your answer to Interrogatory 11 of the Interrogatories served simultaneously with this Request to Produce.

13.      All records related to or supporting your answer to Interrogatory 12 of the Interrogatories served simultaneously with this Request to Produce.

14.      All records related to or supporting your answer to Interrogatory 13 of the Interrogatories served simultaneously with this Request to Produce.

15.      All records related to or supporting your answer to Interrogatory 14 of the Interrogatories served simultaneously with this Request to Produce.

16.     All records related to or supporting your answer to Interrogatory 15 of the Interrogatories served simultaneously with this Request to Produce.

17.     All records related to or supporting your answer to Interrogatory 16 of the Interrogatories served simultaneously with this Request to Produce.

18.     All records related to or supporting your answer to Interrogatory 17 of the Interrogatories served simultaneously with this Request to Produce.

19.     All records related to or supporting your answer to Interrogatory 18 of the Interrogatories served simultaneously with this Request to Produce.

20.     All records related to or supporting your answer to Interrogatory 19 of the Interrogatories served simultaneously with this Request to Produce.

21.     All records related to or supporting your answer to Interrogatory 20 of the Interrogatories served simultaneously with this Request to Produce.

22.     All records related to or supporting your answer to Interrogatory 21 of the Interrogatories served simultaneously with this Request to Produce.

23.     All personnel records, including records of training and discipline, for each officer identified in your answer to Interrogatory 22 served simultaneously with this Request to Produce.

In support of this request, Plaintiff would show that she is unable to obtain the materials without undue expense and hardship. The articles are in the sole or exclusive possession of the Defendant, Defendant's agents, or attorneys, and such items are necessary for the Plaintiff to properly prepare her case.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the

Defendant, CITY OF WEST PALM BEACH, by service of process.

ADOLPHE LAW GROUP, P.A
Attorney for Plaintiff
3918 Via Poinciana Drive Suite 1
Lake Worth, FL 33467
Telephone:       (561) 660-7776
Fax No.:          (561) 660-7082
rjadolphe@adolphelawgroup.com
dfacey@adolphelawgroup.com

BY:      /s/ Rollande Adolphe
          Rollande J. Adolphe
          Florida Bar No. 93772

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:

BRYANT GRANT,

      Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

Defendants.
_____/

### REQUEST TO PRODUCE TO DEFENDANT, ROMARIO A. SAUNDERS

      Plaintiff, BRYANT GRANT, by and through his undersigned counsel, and pursuant to

the Florida Rules of Civil Procedure, requests the Defendant, ROMARIO A. SAUNDERS, to

produce the following for inspection and/or copying, at the offices of ADOLPHE LAW GROUP,

P.A.:

(**PLEASE NOTE**:    If unable to furnish originals of any photographs

requested herein, please provide laser copies, the expense for which to be borne by the

undersigned.)

     1.     All photographs and/or videotapes, including body cam, of the incident that forms

the basis of this lawsuit.

     2.     All writings, recordings, memoranda, notes or other materials reflecting

statements made by the parties or witnesses concerning any issues in this case.

     3.     All photographs, graphs, charts and other documentary evidence of the incident

scene, parties involved in or pertaining to the subject incident in this case.

NOT A CERTIFIED COPY

4.      All writings, recordings, memoranda, notes or other materials reflecting statements made by any party or witness to this incident.

5.      All records, including but not limited to training certificates, related to or supporting your answer to Interrogatory 3 of the Interrogatories served simultaneously with this Request to Produce.

6.      All records, including but not limited to incident and arrest reports, related to or supporting your answer to Interrogatory 4 of the Interrogatories served simultaneously with this Request to Produce.

7.      All records, including but not limited to incident and arrest reports, related to or supporting your answer to Interrogatory 6 of the Interrogatories served simultaneously with this Request to Produce.

8.      All records related to or supporting your answer to Interrogatory 7 of the Interrogatories served simultaneously with this Request to Produce.

9.      All records related to or supporting your answer to Interrogatory 8 of the Interrogatories served simultaneously with this Request to Produce.

9.      All records related to or supporting your answer to Interrogatory 9 of the Interrogatories served simultaneously with this Request to Produce.

10.     All records related to or supporting your answer to Interrogatory 10 of the Interrogatories served simultaneously with this Request to Produce.

11.     All records, including but not limited to training certificates, related to or supporting your answer to Interrogatory 13 of the Interrogatories served simultaneously with this Request to Produce.

12.     All records, including but not limited to incident and arrest reports, related to or supporting your answer to Interrogatory 15 of the Interrogatories served simultaneously with this Request to Produce.

13.     All records related to or supporting your answer to Interrogatory 16 of the Interrogatories served simultaneously with this Request to Produce.

In support of this request, Plaintiff would show that she is unable to obtain the materials without undue expense and hardship.  The articles are in the sole or exclusive possession of the Defendant, Defendant's agents, or attorneys, and such items are necessary for the Plaintiff to properly prepare her case.

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the Defendant, ROMARIO A. SAUNDERS, by service of process.

ADOLPHE LAW GROUP, P.A
Attorney for Plaintiff
3918 Via Poinciana Drive Suite 1
Lake Worth, FL 33467
Telephone:     (561) 660-7776
Fax No.:          (561) 660-7082
rjadolphe@adolphelawgroup.com
dfacey@adolphelawgroup.com

BY:     */s/ Rollande Adolphe*
          Rollande J. Adolphe
          Florida Bar No. 93772

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.:

BRYANT GRANT,

      Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

      Defendants.

_____/

### PLAINTIFF'S NOTICE OF APPEARANCE AND DISCLOSURE DESIGNATION OF PRINCIPLE E-MAIL ADDRESS

**PLEASE TAKE NOTICE** that, the undersigned hereby appears as counsel for Plaintiff,

BRYANT GRANT, in the above styled cause and, hereby discloses that the ADOLPHE LAW

GROUP, PA is Counsel for the above Plaintiff.

Pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, the undersigned

hereby designates **rjadolphe@adolphelawgroup.com, dfacey@adolphelawgroup.com** as the

Principal E-mail addresses to which service shall be directed in this proceeding.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

via the Florida E-Filing Portal with Complaint and Summons to Defendants CITY OF WEST

PALM BEACH and ROMARIO A. SAUNDERS.

ADOLPHE LAW GROUP, P.A.
Attorneys for Plaintiff
3918 Via Poinciana Dr., Suite 1
Lake Worth, FL  33467
Telephone: (561) 660-7776
Fax No.: (561) 660-7082
rjadolphe@adolphelawgroup.com;
dfacey@adolphelawgroup.com

BY: /s/Rollande J. Adolphe
     Rollande J. Adolphe
     Florida Bar No. 93772

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.:

BRYANT GRANT,

      Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

      Defendants.

_____/

## SUMMONS

TO DEFENDANT:   **HON. KEITH A. JAMES, MAYOR**
                   **CITY OF WEST PALM BEACH**
                   **600 BANYAN BLVD**
                   **WEST PALM BEACH, FLORIDA 33401**

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements, you may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

ADOLPHE LAW GROUP, P.A
Attorney for Plaintiff
3918 Via Poinciana Drive Suite 1
Lake Worth, FL 33467
Telephone:      (561) 660-7776
Fax No.:         (561) 660-7082
rjadolphe@adolphelawgroup.com
dafcey@adolphelawgroup.com

BY: /s/ *Rollande Adolphe*
    Rollande J. Adolphe
    Florida Bar No. 93772


          **DATED** ON _____, 2024.


                               JOSEPH ABRUZZO
   (COURT SEAL)                 CLERK OF THE CIRCUIT COURT

(See reverse side)              By:_____
(Vease al reves)                     Deputy Clerk
(Voir de l'autre cote de)

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provisions of certain assistance. Please contact the ADA coordinator in the administrative office of the court, Palm Beach County Courthouse, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401; telephone number (561) 355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1-800-955-8711."

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadeas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmendiatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregard una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souliaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous Choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.:

BRYANT GRANT,

      Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

      Defendants.

_____/

## SUMMONS

TO DEFENDANT:    **ROMARIO A. SAUNDERS**
                        **c/o CITY OF WEST PALM BEACH POLICE DEPARTMENT**
                        **600 BANYAN BLVD**
                        **WEST PALM BEACH, FLORIDA 33401**

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements, you may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

NOT A CERTIFIED COPY

ADOLPHE LAW GROUP, P.A
Attorney for Plaintiff
3918 Via Poinciana Drive Suite 1
Lake Worth, FL 33467
Telephone:      (561) 660-7776
Fax No.:         (561) 660-7082
rjadolphe@adolphelawgroup.com
dafcey@adolphelawgroup.com


BY: /s/ *Rollande Adolphe*
      Rollande J. Adolphe
      Florida Bar No. 93772


Nov 14 2024
**DATED** ON _____, 2024.

JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT

By: _____
      Deputy Clerk      Raegan Lee

NOT A CERTIFIED COPY

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provisions of certain assistance. Please contact the ADA coordinator in the administrative office of the court, Palm Beach County Courthouse, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401; telephone number (561) 355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1-800-955-8711."

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadeas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmendiatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregard una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souliaitez que le tribunal entende votre cause. Si vous ne deposez pas votre response ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous Choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**



**JOSEPH ABRUZZO**

# RECEIPT
5551450

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
11/14/2024 01:22
Page 1 of 1

| Receipt Number: 5551450 - Date 11/14/2024  Time 1:22PM | | | |
|---|---|---|---|
| **Received of:** | Adolphe Law Group, P.A. 3918 Via Poinciana Dr. Suite 1 lake worth, FL 33467 | | |
| **Cashier Name:** ADMIN | | **Balance Owed:** | 421.00 |
| **Cashier Location:** E-Filing | | **Total Amount Paid:** | 421.00 |
| **Receipt ID:** 11980882 | | **Remaining Balance:** | 0.00 |
| **Division:** | AN: Circuit Civil Central - AN(Civil) | | |

| Case# 50-2024-CA-010804-XXXA-MB -- PLAINTIFF/PETITIONER: GRANT, BRYANT | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 421.00 | 421.00 | 0.00 |
| **Case Total** | **421.00** | **421.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 13069104 | 421.00 |
| **Total Received** | | **421.00** |
| **Total Paid** | | **421.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



NOT A CERTIFIED COPY

Case 9:25-cv-80035-RLR   Document 5-1   Entered on FLSD Docket 01/09/2025   Page 64 of 82

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AN"
CASE NO.: 502024CA010804XXXAMB
BRYANT GRANT,
      Plaintiff/Petitioner
vs.
CITY OF WEST PALM BEACH,
ROMARIO A SAUNDERS,
     Defendant/Respondents.

_____/

### ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN, DESIGNATING CASE TO THE GENERAL TRACK, ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES (DCMGJT)

**THIS MATTER** is a Circuit Civil case calling for a jury trial. Accordingly, it is

**ORDERED AND ADJUDGED** that pursuant to Administrative Order 3.110 (as amended), this case is designated to the **GENERAL TRACK**. The deadlines established by this Order are to ensure the case is **disposed of within 18 months from the date of filing.** To that end, the following procedures and deadlines shall be strictly observed:

I. **SERVICE OF THIS ORDER, ACTIVE CASE MANAGEMENT AND NON-COMPLIANCE**

**Plaintiff/Petitioner is directed to serve this Order** upon each Defendant/Respondent with the Initial Complaint/Petition and Summons. The deadlines and procedures set forth herein are firm and may be modified only upon a showing of a good faith attempt to comply with the deadlines or demonstration of a significant change of circumstances and through the process established in the 15th Circuit's Administrative Order 3.110 (as amended).

The parties are expected to actively manage the case and to confer early and often to ensure compliance with this order and timely resolution of the case. The parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism, and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements.

**Self-Represented/Pro se litigants** (i.e. those without counsel) are held to the same obligations imposed upon counsel.

**Motions to extend deadlines** must be filed *prior* to the deadline. Untimely motions will be denied absent compelling circumstances and showing of good cause.

**NONCOMPLIANCE WITH THIS ORDER, ABSENT A SHOWING OF GOOD CAUSE, MAY RESULT IN DISMISSAL OF THE ACTION, THE STRIKING OF PLEADINGS, WITNESSES, OR EXHIBITS, REMOVAL OF THE CASE**

*** FILED: PALM BEACH COUNTY, FL  JOSEPH ABRUZZO, CLERK. 11/15/2024 07:01:15 AM ***

**FROM THE DOCKET, DEFAULT OR ANY OTHER APPROPRIATE SANCTION.**

The failure to act in good faith and comply with this order must be reported, if not resolved through a conference of the parties and good faith conferral, by filing a **"Suggestion of Non-Compliance with Pre-Trial Order"** that must be set for hearing in a timely manner. The Suggestion must name the non-compliant person, describe the act of non-compliance, be served upon all parties and sent to the Court's chambers. Responses may only be submitted upon request of the Court. Failure to correct any non-compliance before the hearing may result in sanctions as described above. The parties will notify the Court immediately if non-compliance is cured; if cured more than 7 days before the hearing, the hearing may be cancelled.

II. <u>**SCHEDULING, CONTINUANCES AND PRETRIAL DEADLINES**</u>

**A CASE MANAGEMENT CONFERENCE and CALENDAR CALL will be held on May 1, 2026**. The parties must be ready to try the case by that day. The specific time of Case Management Conference and procedures for conducting Calendar Call can be found on the Division's webpages at www.15thcircuit.com. The Calendar Call may be conducted in-person or by e-calendar. <u>This Order serves as notice to the parties that failure to attend the Case Management Conference and Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing.</u> <u>See Fla. R. Civ. P. 1.200(j)(6).</u>

The trial period begins the first business day of the immediately following week after the above-listed   Case Management Conference and Calendar Call, unless otherwise described in the divisional instructions or by court order.

**TRIAL CONTINUANCES:** If a case cannot be ready for trial by the Calendar Call despite all good faith efforts, a motion to continue trial must be set for a Differentiated Case Management (DCM) Conference as described in the 15th Circuit's Administrative Order 3.110 (as amended) and the next paragraph. Any motion to continue the trial must comply with Fla. Civ. P. Rule 1.460, including that they are signed by the client. The Motion must be filed and the DCM Conference set no more than **30 DAYS** from the last defendant being served or as soon as circumstances giving rise to the need for a continuance becomes known and only for good cause. Every motion for a continuance must include a proposed Amended DCMO resetting each pretrial deadline that remains applicable and indicating the month the case can be ready for trial.

**DCM CONFERENCES:** DCM conferences are scheduled through the Circuit's Online Scheduling System under DCM- Case Management Conference Scheduling. No less than ten (10) days in advance of the DCM Conference the parties must file with the Clerk a Joint Status Report that:

1. Concisely updates the Court on the status of the case,
2. Identifies pending motions and other matters the Court needs to address, and
3. If applicable, provides a proposed revised pretrial schedule.

The parties must upload the Joint Status report at least 7 days in advance of a DCM Conference through the e-courtesy feature of the Circuit's Online Scheduling System. The parties are to be prepared at the DCM Conference to address the topics listed in Rule 1.200(a) and for the court, at its discretion, to hear or set for hearing any pending motions.

Case No. 50-2024-CA-010804-XXXA-MB

**The following deadlines (discussed in detail below) apply unless otherwise modified by the Court:**

| | EVENTS | DESCRIPTION | COMPLETION DEADLINE |
|---|---|---|---|
| 1. | Service of Complaint | See Part III.A, infra | March 13, 2025 Service under extension is only by court order. |
| 2. | Pleading Amendments/ Adding parties | See Part III.B, infra | May 12, 2025 |
| 3. | Resolution of all motions/objections directed to the pleadings *(i.e. to dismiss or strike)* and pleadings closed * | See Part III.B, infra | July 21, 2025 |
| 4. | Expert Witnesses and Compulsory Examinations | See Part III.D, infra | January 1, 2026 |
| 5. | Witness & Exhibit Lists | See Part III.C, infra | January 1, 2026 |
| 6. | Rebuttal Witness Lists | See Part III.E, infra | January 21, 2026 |
| 7. | Filing Summary Judgment & *Daubert* Motions | See Part III.J, infra | January 31, 2026 |
| 8. | Discovery Cut-Off | See Part III.H, infra | January 31, 2026 |
| 9. | Pre-Trial Meet & Confer | See Part III.I, infra | April 1, 2026 |
| 10. | Deposition Designations | See Part III.G, infra | April 11, 2026 |
| 11. | Deadline for Mediation | See Part IV, infra | April 21, 2026 |
| 12. | Deadline to hear ALL Motions | See Part III.J, infra | April 26, 2026 |
| 13. | Jury Instructions and Verdict Form | See Part III.O, infra | April 28, 2026 |
| 14. | Trial Ready Date ** | See Part II, supra | May 1, 2026 |

**Fla. R. Gen. Prac. & Jud. Admin. Rule 2.514 governs if any deadlines falls on a weekend or holiday.**

\* The parties must expeditiously address any motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue shall be set for hearing within **five (5) days** of filing. The motion should be scheduled for hearing at the earliest date that the Court and parties are available.

\*\* The Court reserves the authority to expedite the trial setting and amend the pretrial deadlines accordingly.

III. **UNIFORM PRETRIAL PROCEDURES**

    A. **Timely Service and Defaults:**

        Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within 90 days, an Order will be issued directing service by the **120 DAY**

**DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **30 days** of the last default and set for hearing at the next available hearing time.

B. **Amendment of Pleadings, Motions Directed at Pleadings and Notice for Trial:**

Any Motions to Amend Pleadings to add parties, must be filed no later than the first business day **180 DAYS AFTER THE CASE IS FILED**.

The parties must expeditiously address any other motions directed to the pleadings. Defensive motions under Rule 1.140, Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue must be set for hearing within **5 days** of filing to be heard at the earliest date that the Court and parties are available.

If the pleadings are not closed and the case not at issue **250 DAYS AFTER FILING**, the parties must appear for a DCM Conference to be noticed and held in accordance within the 15th Circuit's Administrative Order 3.110 and Divisional Instructions located on the Circuit's website for the Division to which the case is assigned.

C. **Exhibits and Witnesses**. On the last business day no later than **120 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of all trial exhibits, names and addresses of all trial witnesses.

D. **Expert Witnesses and Compulsory Medical Examinations.** If Expert Witnesses or Compulsory Medical Examinations are anticipated, the Parties must confer and establish a schedule for completing related discovery, including deadlines for disclosures, written discovery, depositions and motions directed at Experts or Compulsory Medical Examiners that will result in the completion of Expert/CME Discovery and resolution of Motions directed at them at least **120 DAYS BEFORE TRIAL**.

If agreed, the parties must submit a proposed Expert/CME Scheduling Order for entry by the Court. If not, the parties must appear for a DCM Case Management Conference.

**Expert Disclosures:** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties must provide:

1. The subject matter about which the expert will testify;
2. The substance of facts and opinions to which the expert will testify;
3. A summary of the grounds for each opinion;
4. A copy of any written reports issued by the expert; and
5. A copy of the expert's curriculum vitae.

**One Expert Per Specialty:** The parties will be limited to one expert witness per

Case No. 50-2024-CA-010804-XXXA-MB

specialty unless they obtain leave of Court to list and call more than one expert witness per specialty, no later than 60 days prior to calendar call.

E. **Rebuttal Witnesses and Exhibits.** On the last business day no later than **100 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of names and addresses of all rebuttal witnesses and list of any rebuttal exhibits.

F. **Additional Exhibits, Witnesses Or Objections.** At trial, the parties will be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

G. **Deposition Designations.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party is to serve any counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than **5 DAYS BEFORE** calendar call, each party must serve any objections to counter designations served by an opposing party.

H. **Discovery Cutoff.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **90 DAYS PRIOR TO CALENDAR CALL** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. **Pre-Trial Meet and Confer.** On the last business day no later than **3 0 DAYS PRIOR TO CALENDAR CALL**, the parties must confer and:

   1. Discuss settlement;
   2. Simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
   3. Prepare a Pre-Trial Stipulation in accordance with paragraph E; and
   4. List all objections to trial exhibits.

J. **Motions:** The Parties must plan for, file and timely set hearings for any motions they expect the Court to address in advance of trial. **No motions will be heard the day of trial**. Few are appropriate after Calendar Call. The parties must confer early in the case and coordinate briefing and discovery schedules, as necessary, to ensure motions are timely heard.

While motion practice is critical to the advancement and streamlining of a case, the Parties are reminded they **DO NOT have an absolute right to most motions being**

**heard**. Failure to timely file and set motions for hearing in advance of Calendar Call will likely result the Court denying a request for hearing. Failure to file and have a motion heard is not grounds for a trial continuance.

**Summary Judgment and *Daubert* Motions** must be filed at least **90 DAYS prior to Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions to motions in limine), must be heard no less than **5 days before Calendar Call**. Parties must plan and seek hearing time sufficiently in advance to ensure this deadline is met.

K. **Filing of Pre-Trial Stipulation.** It is the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation must contain in separately numbered paragraphs:

1. A list of all pending motions including Motions *In Limine* and *Daubert* Motions requiring action by the Court and the dates those motions are set for hearing. **Motions not listed are deemed waived**.

2. Stipulated facts requiring no proof at trial which may be read to the trier of fact;

3. A statement of all issues of fact for determination at trial;

4. Lists of exhibits itemized as follows:

   a. Exhibits to be admitted by Plaintiff without objection;
   b. Exhibits to be admitted by Defendant without objection;
   c. Objected to Exhibits, with the specific basis for the objection stated.

   Note: Reasonably specific description of each exhibit is required. Non-specific descriptions like "all documents produced in discovery" will be stricken. Moreover, Objections may not be "reserved." Failure to specify an objection constitutes its waiver.

5. Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses must be on separate schedules attached to the Stipulation;

6. A statement of total estimated time for trial, including the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.

7. Names of attorneys to try case and their contact information; and

8. The number of peremptory challenges per party.

Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as provided above may result in the case being stricken from the Court's calendar or

other sanctions, including dismissal or default.

L. **Pre-Trial Conference pursuant to Fla. R. Civ. P. 1.200** If a pre-trial conference is set upon motion of a party or by the Court, counsel must meet and prepare a stipulation pursuant to paragraph K, infra, and file the stipulation no later than **5 DAYS BEFORE THE CONFERENCE.** Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Absent prior approval, Motions for Summary Judgment will not be heard at any pre-trial conference.

M. **Pre-Marking Exhibits.** Prior to trial, each party is to mark for identification all exhibits, as directed by the clerk. (instructions and templates found at www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence)

N. **Enlarged Jury Panels:** Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least 6 months before calendar call.

O. **Jury Instructions and Verdict Form:** A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **3 days BEFORE TRIAL** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

P. **Unique Questions Of Law.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

IV. **MEDIATION**

A. All parties are required to participate in mediation as follows:

1. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.

2. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.

3. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure

1.730(b), unless waived.

B. The Plaintiff's attorney is responsible for scheduling mediation. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. **Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than 10 DAYS PRIOR TO CALENDAR CALL.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2024-CA-010804-XXXA-MB   11/15/2024
Scott Kerner   Circuit Judge

50-2024-CA-010804-XXXA-MB   11/15/2024
Scott Kerner
Circuit Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

# ADA NOTICE

This notice is provided pursuant to Administrative Order No. 2.207-7/22

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene**

Case No. 50-2024-CA-010804-XXXA-MB

derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.”

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.”

NOT A CERTIFIED COPY

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.:  502024CA010804XXXAMB


BRYANT GRANT,

      Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

      Defendants.

_____/

## SUMMONS

TO DEFENDANT:   **CITY OF WEST PALM BEACH**
                   **HON. KEITH A. JAMES, MAYOR**
                   **600 BANYAN BLVD**
                   **WEST PALM BEACH, FLORIDA 33401**

## IMPORTANT

    A lawsuit has been filed against you.  You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties must be filed if you want the Court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court.  There are other legal requirements, you may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

ADOLPHE LAW GROUP, P.A
Attorney for Plaintiff
3918 Via Poinciana Drive Suite 1
Lake Worth, FL 33467
Telephone:      (561) 660-7776
Fax No.:          (561) 660-7082
rjadolphe@adolphelawgroup.com
dafcey@adolphelawgroup.com

BY: /s/ *Rollande Adolphe*
       Rollande J. Adolphe
       Florida Bar No. 93772

**DATED** ON **Nov 19** , 2024.

(COURT SEAL)

(See reverse side)
(Vease al reves)
(Voir de l'autre cote de

JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT

By:

Deputy Clerk **JOSIE LUCCE**

NOT A CERTIFIED COPY

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provisions of certain assistance.  Please contact the ADA coordinator in the administrative office of the court, Palm Beach County Courthouse, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401; telephone number (561) 355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1-800-955-8711."

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadeas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmendiatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregard una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souliaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous Choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

**"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

**"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."**

**"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."**

## RETURN OF SERVICE

State of Florida         County of Palm Beach        Circuit Court

Case Number: 502024CA010804XXXAMB

Plaintiff:
**BRYANT GRANT,**

vs.

Defendant:
**CITY OF WEST PALM BEACH,**
**a Florida municipal corporation,**
**and ROMARIO A. SAUNDERS, individually,**

For:
Adolphe Law Group, P.A.
3918 Via Poinciana Dr., Suite 1
Lake Worth, FL 33467

Received by BARRY A. WOLF on the 21st day of November, 2024 at 4:16 pm to be served on **ROMARIO A. SAUNDERS, C/O City Of West Palm Beach Police Department, 600 BANYAN BLVD, West Palm Beach, FL 33401.**

I, BARRY A. WOLF, do hereby affirm that on the **30th day of December, 2024 at 12:20 pm,** I:

served an **AUTHORIZED** party by delivering a true copy of the **SUMMONS; COMPLAINT;PLAINTIFF'S NOTICE OF APPEARANCE AND DISCLOSURE DESIGNATION OF PRINCIPLE E-MAIL ADDRESS; NOTICE OF SERVING INTERROGATORIES TO DEFENDANT &ROMARIO A. SAUNDERS** with the date and hour of service endorsed thereon by me, to: **OFFICER WADE** as **COURT LIAISON** at the address of: **C/O Office of The State Attorney, 401 N Dixie Hwy., West Palm Beach, FL 33401,** who stated they are authorized to accept service for **ROMARIO A. SAUNDERS,** and informed said person of the contents therein, in compliance with state statutes.

Additional Information pertaining to this Service:
11/25/2024  1:00 pm  Attempted Address:  600 BANYAN BLVD, West Palm Beach, FL 33401 advised All papers go to the state attorney office to be accepted, they do not provide a place to serve officers personally.
12/30/2024  12:21 pm  Called Wade as liason of West Palm Beach police department and received today's code with authorization to leave the documents at The State Attorneys office.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county or judicial circuit in which the process was affected in accordance with State Statutes. Under penalties of perjury, I declare that I have read the forgoing Affidavit/Verified Return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2).

**BARRY A. WOLF**
CPS#826

**Gleason Investigations, LLC**
**250 Palm Coast Pkwy Ne**
**Ste. 607-194**
**Palm Coast, FL 32137**
**(386) 627-8222**

Our Job Serial Number: GIA-2024009718

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



## RETURN OF SERVICE

**State of Florida**                    **County of Palm Beach**                    **Circuit Court**

Case Number: 502024CA010804XXXAMB

Plaintiff: **BRYANT GRANT,**
vs.
Defendant: **CITY OF WEST PALM BEACH,**
**a Florida municipal corporation,**
**and ROMARIO A. SAUNDERS, individually,**

For:
Adolphe Law Group, P.A.
3918 Via Poinciana Dr., Suite 1
Lake Worth, FL 33467

Received by BARRY A. WOLF on the 21st day of November, 2024 at 4:20 pm to be served on **CITY OF WEST PALM BEACH, HON. KEITH A. JAMES, MAYOR, 600 BANYAN BLVD, West Palm Beach, FL 33401.**

I, BARRY A. WOLF, do hereby affirm that on the **30th day of December, 2024 at 12:05 pm, I:**

served a **GOVERNMENT OR PUBLIC AGENCY** by delivering a true copy of the **SUMMONS; COMPLAINT;PLAINTIFF'S NOTICE OF APPEARANCE AND DISCLOSURE DESIGNATION OF PRINCIPLE E-MAIL ADDRESS; NOTICE OF SERVING INTERROGATORIES TO DEFENDANT,CITY OF WEST PALM BEACH & REQUEST TO PRODUCE TO DEFENDANT, CITY OF WEST PALM BEACH** with the date and hour of service endorsed thereon by me to: **KEVIN O'BRIEN** as **ATTORNEY** for **CITY OF WEST PALM BEACH**, **HON. KEITH A. JAMES, MAYOR, 401 CLEMATIS STREET, West Palm Beach, FL 33401** and informed said person of the contents therein, in compliance with State Statute 48.111.

**Additional Information pertaining to this Service:**
11/25/2024  1:03 pm  Attempted Address:  600 BANYAN BLVD, West Palm Beach, FL 33401 City hall is not located on Banyan. Bad address Looks like it is located on Clamatis

**Description** of Person Served: Age: 39, Sex: M, Race/Skin Color: Caucasian, Height: 6'5", Weight: 215, Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the county or judicial circuit in which the process was affected in accordance with State Statutes. Under penalties of perjury, I declare that I have read the forgoing Affidavit/Verified Return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2).

**BARRY A. WOLF**
CPS#826

**Gleason Investigations, LLC**
**250 Palm Coast Pkwy Ne**
**Ste. 607-194**
**Palm Coast, FL 32137**
**(386) 627-8222**

Our Job Serial Number: GIA-2024009719

NOT A CERTIFIED COPY

IN THE FIFTEENTH JUDICIAL
CIRCUIT COURT IN AND FOR
PALM BEACH COUNTY, FLORIDA

CIVIL DIVISION
CASE NO.:

BRYANT GRANT,

     Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

     Defendants.

_____/

DATE: 12-30-2025
TIME: 12:05 pm
SERVER: BAW
ID# 826

## SUMMONS

TO DEFENDANT:   **ROMARIO A. SAUNDERS**
               **c/o CITY OF WEST PALM BEACH POLICE DEPARTMENT**
               **600 BANYAN BLVD**
               **WEST PALM BEACH, FLORIDA 33401**

## IMPORTANT

    A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

23099

ADOLPHE LAW GROUP, P.A
Attorney for Plaintiff
3918 Via Poinciana Drive Suite 1
Lake Worth, FL 33467
Telephone:        (561) 660-7776
Fax No.:            (561) 660-7082
rjadolphe@adolphelawgroup.com
dafcey@adolphelawgroup.com

BY: /s/ *Rollande Adolphe*
       Rollande J. Adolphe
       Florida Bar No. 93772

Nov 14 2024
DATED ON _____, 2024.

JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk    Raegan Lee

NOT A CERTIFIED COPY

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provisions of certain assistance.  Please contact the ADA coordinator in the administrative office of the court, Palm Beach County Courthouse, 205 North Dixie Highway, Room 5.2500, West Palm Beach, Florida 33401; telephone number (561) 355-2431 within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, call 1-800-955-8711."

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmendiatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregard una copia de su respuesta a la persona demoninada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaires ont ete enterprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souliaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme

This notice is provided pursuant to Administrative Order No. 2.207-7/22*

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

NOT A CERTIFIED COPY