UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-800735-RLR

BRYANT GRANT,

Plaintiff,

vs.

CITY OF WEST PALM BEACH and
ROMARIO A. SAUNDERS, individually,

Defendant.
_____/

**DEFENDANT ROMARIO SAUNDERS' ANSWER AND
DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, ROMARIO SAUNDERS ("Defendant"), by and through the undersigned counsel, and files this, his Answer and Defenses to Plaintiff, BRYANT GRANT'S ("Plaintiff") Complaint [D.E. 5], and states as follows:

1. Denied and demands strict proof thereof.
2. Denied and demands strict proof thereof.
3. Denied and demands strict proof thereof.
4. Admit.
5. Admit.
6. Admit that the City of West Palm Beach is his employer but deny remainder of the allegations in paragraph 6 and demands strict proof thereof.
7. Admit.
8. Admit.
9. Without knowledge and demands strict proof thereof.
10. Denied and demands strict proof thereof.
11. Without knowledge and demands strict proof thereof.
12. Denied and demands strict proof thereof.
13. Denied and demands strict proof thereof.
14. Denied (four rounds of shots were fired) and demands strict proof thereof.

1

15. Denied (shot spotter was at 1387 9th Court location, and Saunders went to that area) and demands strict proof thereof.
16. Denied and demands strict proof thereof.
17. Denied (he was walking, pacing back and forth) and demands strict proof thereof.
18. Admit, and Plaintiff did not comply.
19. Denied and demands strict proof thereof.
20. Denied (it is clear from the video that Plaintiff was not injured by Defendant) and demands strict proof thereof. This allegation is baseless.
21. Admit to holding on to Plaintiff and to Plaintiff holding on to Saunders; Also admit that Plaintiff refused to let Saunders go; deny remaining allegations and demand strict proof thereof.

### COUNT I (Section 1983 Unlawful Seizure)

22). Admit that Plaintiff is attempting to state a 1983 claim against Saunders.

23). Reavers previous responses to paragraphs 1 through 21.

24). All allegations in paragraphs 24 through 30 are denied.

### COUNT II (False Imprisonment)

31). All allegations in paragraphs 31 through 36 are denied.

### COUNT III (Battery)

37). All allegations in paragraphs 37 through 44 are denied.

### Count IV (Negligence)

45). All allegations in paragraphs 45 through 52 are denied.

### Count VII (1983 Excessive Force)

70). All allegations in paragraphs 70 through 74 are denied.

### Counts V, VI, VIII, and IX (Against City of WPB, Dismissed)

75). Counts V, VI, VIII and IX have all been dismissed. Nonetheless, all allegations relating to said counts are hereby denied. Thus, the allegations in paragraphs 53-69 and 75-94 are hereby denied.

## **DEFENSES**

1. Each allegation of Plaintiff's Complaint not specifically herein admitted is denied, and strict proof is demanded thereof.

2. Reasonable Suspicion existed for Plaintiff to initially encounter Plaintiff. Moreover, When Plaintiff disobeyed Officer Saunders numerous commands to turn and put his hands up, probable cause existed for Plaintiff's arrest and/or detention based on his obstruction of justice for refusing to obey a lawful order. Nonetheless, Officer Saunders did not arrest Plaintiff.

3. The force used in the instant action was reasonable in light of the fact that: (1) Saunders responded to the scene to investigate four rounds having been fired approximately 5 minutes earlier and Plaintiff being the only person in the area who posed an immediate threat to his and others safety; (2) Plaintiff ignoring Officer Parton's orders several times for him to put his hands up and turn around; (3) Officer Saunders making a split-second decision to perform a takedown maneuver on Plaintiff that was consistent with his training; (4) No other force was used by Saunders, and the force used was De Minimis and clearly reasonable under the circumstances; and (5) Plaintiff's acknowledged on video that his leg was broken previously and that he simply failed to obtain treatment for it.

4. Defendant Saunders has qualified immunity from liability and suit, as he was performing his discretionary duties, and did not violate any clearly established statutory or constitutional rights which a reasonable officer would have known.

5. Defendant Saunders did not owe a specific duty to Plaintiff. If he owed any duty, it was to the public in general. Thus, the Public Duty Doctrine bars Plaintiff's claim for negligence.

6. Defendant is immune from all of the state law claims alleged in the complaint because he did not act outside the course and scope of his employment, nor did he act willfully, maliciously or in bad faith. The facts alleged in the complaint specifically state that Saunders acted within the course and scope of his employment. Equally important, it is clear from the various Body Cam Video Recordings that Saunders did not act either outside of the course and scope of his employment or in bad faith with a malicious purpose. Thus, Saunders is immune from all of the state law claims.

7. Saunders reserves the right to further amend his defenses as additional facts are learned through discovery.

**WHEREFORE,** Defendant, Romario Saunders respectfully moves for judgment in his favor and against Plaintiff and such other relief as just and proper, and further demands a trial by jury of all issues so triable.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy hereof has been furnished by CM/ECF and/or e-service to all parties represented by Counsel this 24th day of April 2025.

Respectfully submitted,

*Don Stephens*
**DON STEPHENS, ESQ.**
FBN: 604208
Olds & Stephens, P.A.
312 11th Street
West Palm Beach, FL  33401
Phone: 561-832-6814
Email: dstephens@oslegal.com
**Attorney for Defendant Romario Saunders**