UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:25-cv-80035-RLR

BRYANT GRANT,

    Plaintiff,

v.

CITY OF WEST PALM BEACH, and
ROMARIO A. SAUNDERS, individually,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

Comes now the undersigned counsel for Plaintiff, Bryant Grant, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, respectfully moves this Court to strike the Second and Seventh Affirmative Defenses asserted by Defendant, Romario A. Saunders, in his Answer [D.E. 26], and states the following:

**I. INTRODUCTION**

1. Defendant Romario Saunders has asserted seven affirmative defenses in his Answer [D.E. 26]. Plaintiff respectfully moves this Court to strike Affirmative Defenses Nos. 2 and 7 as they fail to comply with the Federal Rules of Civil Procedure and are legally insufficient as a matter of law.

## II. LEGAL STANDARD

2. Under Federal Rule of Civil Procedure 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are appropriate to eliminate legally deficient claims or defenses that serve only to confuse or clutter the pleadings.

3. The Court has broad discretion when considering a motion to strike. *See Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317-18 (S.D. Fla. 2005). Striking defenses from a pleading, however, "is a drastic remedy to be resorted to only when required for the purposes of justice" and only when the stricken material has "no possible relation to the controversy." See *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, Fla., 306 F.2d 862, 868 (5th Cir. 1962).

4. Affirmative defenses must be pled by a party when responding to a claim for relief. Fed. R. Civ. P. 8(b), (c). An affirmative defense is established only when "a defendant admits the essential facts of the complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F. Supp. 2d at 1318 (citing *Will v. Richardson-Merrell, Inc.*, 647 F. Supp. 544, 547 (S.D. Ga. 1986)).

5. Plaintiff moves to strike Defendant's second and seventh affirmative defense, contending that those defenses are insufficient as a matter of law.

## III. ARGUMENT

Defendant's Second Affirmative Defense states:

> "Reasonable Suspicion existed for Plaintiff to initially encounter Plaintiff. Moreover, When Plaintiff disobeyed Officer Saunders numerous commands to turn and put his hands up, probable cause existed for Plaintiff's arrest and/or detention based on his obstruction of

> justice for refusing to obey a lawful order. Nonetheless, Officer Saunders did not arrest Plaintiff."

This defense is legally deficient for the following reasons:

6. **Constitutes a Denial Rather Than an Affirmative Defense**

   This "defense" is a factual denial disguised as an affirmative defense. It contests Plaintiff's claims by alleging lawful conduct, rather than setting forth a separate, independent basis for avoiding liability. Such denials are not properly raised as affirmative defenses and should be stricken. *Morrison*, 434 F. Supp. 2d at 1318.

7. **Contains Factual Errors and Legal Confusion**

   The sentence "Reasonable Suspicion existed for Plaintiff to initially encounter Plaintiff" appears to contain a typographical or logical error. More importantly, it conflates distinct constitutional standards, *Terry v. Ohio* reasonable suspicion and *Gerstein v. Pugh* probable cause, without articulating how either standard justifies the force or seizure used, which are central to Plaintiff's claims.

8. **Fails to Provide Fair Notice Under Rule 8(c)**

   The second defense lacks the specificity required under Rule 8(c) and fails to provide fair notice of the actual legal theory being asserted. The defense jumps between concepts without clearly articulating how these justify defendant's conduct

9. Moreover, the seventh affirmative defense should be stricken, it reads:

   "Saunders reserves the right to further amend his defenses as additional facts are learned through discovery."

10. This statement is not an affirmative defense and has no legal effect under the Federal Rules of Civil Procedure. Accordingly, it should be stricken as immaterial and improper.

11. The seventh defense is not a defense at all. It is a reservation of rights to amend, which is procedurally unnecessary and legally improper. Parties are already permitted to amend pleadings under Rule 15 of the Federal Rules of Civil Procedure.

12. The seventh defense contains no factual allegations and asserts no legal principle. It is merely a procedural statement that provides no "fair notice" of any defense, as required by Rule 8(c). *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

13. Because the Seventh Defense does not assert any factual or legal basis to defeat Plaintiff's claims, it should be stricken under Rule 12(f).

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter an Order striking Affirmative Second Defense and Seventh Defense from Defendant Saunders' Answer, without prejudice to Defendant's right to seek leave to amend to assert properly pleaded affirmative defenses pursuant to Federal Rule of Civil Procedure 15.

    Respectfully submitted,

    ADOLPHE LAW GROUP, P.A
    Attorney for Plaintiff
    3918 Via Poinciana Drive Suite 1
    Lake Worth, FL 33467
    Telephone:   (561) 660-7776
    Fax No.:   (561) 660-7082
    rjadolphe@adolphelawgroup.com

clawson@adolphelawgroup.com

BY:*/s/ Rollande Adolphe*
   Rollande Adolphe
   Florida Bar No. 93772