UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case: 9:25-cv-80035-RLR

BRYANT GRANT,
    Plaintiff,

v.

CITY OF WEST PALM BEACH,
a Florida municipal corporation,
and ROMARIO A. SAUNDERS, individually,

    Defendants.
_____/

## PROPOSED AMENDED COMPLAINT

Plaintiff, BRYANT GRANT, by and through undersigned counsel, files this Amended Complaint against Defendant ROMARIO A. SAUNDERS, and Defendant CITY OF WEST PALM BEACH, and alleges as follows:

1. This is an action for monetary damages in an amount greater than FIFTY THOUSAND ($50,000.00) DOLLARS.

2. This Court has jurisdiction under § 26.012, *Fla. Stat*.

3. Venue is proper in this Court under § 47.011, *Fla. Stat*., because one or more Defendants reside, and the cause of action accrued, in Palm Beach County.

4. Plaintiff, BRYANT GRANT ("GRANT"), is a resident of Palm Beach County, Florida, and is over the age of 18 years.

5. Defendant CITY OF WEST PALM BEACH ("CITY") is a municipal corporation organized and operating under the statutes of the State of Florida.

6. Defendant CITY was at all material times the employer and principal of the

individual Defendant, ROMARIO A. SAUNDERS ("SAUNDERS").

7. Defendant SAUNDERS was, at all material times, employed by Defendant, CITY, as a law enforcement officer.

8. At all material times, Defendant SAUNDERS acted under color of law and within the scope of his employment with Defendant, CITY.

9. Defendant SAUNDERS is sued in his individual capacity for violating the constitutional and other legal rights of Plaintiff GRANT.

10. All conditions precedent to filing this action have been performed, waived, or otherwise satisfied. Specifically, the notice required under § 768.28(6)(a), *Fla. Stat.*, was delivered April 4, 2024, to Tim Scott, Risk Manager for Defendant, CITY OF WEST PALM BEACH.

## FACTS COMMON TO ALL COUNTS

11. ShotSpotter is acoustic surveillance technology that uses microphone sensors to identify potential gunfire incidents.

12. On August 11, 2023, Plaintiff, was walking near his home when he was approached by Defendant SAUNDERS.

13. Dispatch directed Defendant SAUNDERS to 1387 9th Court based on a ShotSpotter alert.

14. Plaintiff's retained expert, Dr. Robert C. Maher, later determined that the ShotSpotter system generated conflicting data, coordinates west of the canal (Golf Avenue) and an auto-generated address east of the canal (1387 9th Court).

15. Dispatch transmitted the erroneous address to Defendant SAUNDERS, sending him to the wrong location.

16. Defendant SAUNDERS testified in deposition on August 21, 2025, that he went only to the address given by dispatch, that he was not trained to question or verify ShotSpotter accuracy, and that upon arrival he neither heard gunfire, saw a firearm, nor had any suspect description.

17. Defendant SAUNDERS's only basis for approaching GRANT was GRANT's presence near the dispatched address.

18. GRANT questioned why he was being stopped. Defendant SAUNDERS aggressively forced GRANT to the ground, fracturing GRANT's ankle. Plaintiff required surgery performed by Dr. Nicholas Sama, an orthopedic surgeon.

## COUNT I: UNLAWFUL SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT

19. Plaintiff, BRYANT GRANT, sues Defendant, ROMARIO A. SAUNDERS, individually, under 42 U.S.C. § 1983 as follows:

20. Plaintiff GRANT incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

21. The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures, ensuring that no person shall be seized without probable cause or individualized reasonable suspicion that they have committed, are committing, or are about to commit a crime.

22. At all times material hereto, Defendant, SAUNDERS, acting under color of law and without a warrant, detained and seized Plaintiff GRANT on the evening of August 12, 2023.

23. At all times material hereto, Defendant, SAUNDERS, lacked individualized reasonable suspicion or probable cause to believe that Plaintiff had committed, was committing, or was about to commit any crime.

24. At all times material hereto, Defendant, SAUNDERS, based the detention and seizure of Plaintiff solely on an inaccurate ShotSpotter alert and the fact that Plaintiff was the first individual encountered in the area.

25. At all times material hereto, Defendant, SAUNDERS, did not inform Plaintiff GRANT of any gunfire reports, ask whether Plaintiff had been involved in or witnessed any shooting, or seek consent before detaining Plaintiff.

26. At all times material hereto, the seizure of Plaintiff GRANT, which was unsupported by individualized reasonable suspicion or probable cause, constituted an unlawful and unreasonable seizure in violation of the Fourth Amendment.

27. As a direct and proximate result of the actions of Defendant, SAUNDERS, Plaintiff GRANT suffered the loss of his liberty, and he sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, an award of attorney fees under 42 U.S.C. § 1988(b), and further demands a trial by jury as to all triable issues.

## COUNT II: FALSE IMPRISONMENT UNDER FLORIDA LAW

28. Plaintiff sues Defendant, ROMARIO A. SAUNDERS, for false imprisonment under Florida law as follows:

29. Plaintiff, GRANT, incorporates the allegations set forth at paragraphs 1 through 21 as if fully set forth herein.

30. Defendant, SAUNDERS, without legal authority, intentionally caused Plaintiff, GRANT, to be restrained against his will in a manner that was unreasonable and unwarranted under the circumstances.

31. That restraint was a legal cause of injury to Plaintiff, GRANT.

32. As a direct and proximate result of the actions of Defendant, SAUNDERS, Plaintiff GRANT, suffered loss of liberty and sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

33. Therefore, Defendant, SAUNDERS, falsely imprisoned Plaintiff, GRANT, in violation of Florida law.

WHEREFORE, Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all issues so triable.

## **COUNT III: BATTERY**

34. Plaintiff, BRYANT GRANT, sues Defendant, ROMARIO A. SAUNDERS, individually, under Florida law as follows:

35. Plaintiff, GRANT, incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

36. At all times material hereto, Defendant SAUNDERS, acting without consent, intentionally made harmful and offensive contact with the Plaintiff, GRANT, resulting in physical injury.

37. At all times material hereto, Defendant, SAUNDERS, shouted aggressively at the Plaintiff, ordering him to show his hands and turn around.

38. At all times material hereto, the Plaintiff, GRANT, complied with Defendant, SAUNDERS's commands, raised his arms, turned around, and remained compliant, though confused.

39. At all times material hereto, without provocation, Defendant, SAUNDERS, lunged at Plaintiff, GRANT, and physically attacked him.

40. At all times material hereto, Defendant, SAUNDERS, used his body weight to push and pin the Plaintiff to the asphalt, causing fractures to Plaintiff's left knee and tibia/fibula.

41. As a direct and proximate result of the actions of Defendant, SAUNDERS, Plaintiff GRANT, sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE,** Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all triable issues.

## COUNT IV: NEGLIGENCE

42. Plaintiff, BRYANT GRANT, sues Defendant, ROMARIO A. SAUNDERS, individually, under Florida law as follows:

43. Plaintiff GRANT incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

44. At all times material hereto, Defendant, SAUNDERS, owed a duty of care to the Plaintiff to act reasonably and avoid causing harm to him.

45. At all times material hereto, Defendant, SAUNDERS, breached his duty of care by negligently initiating and escalating an unnecessary physical confrontation with the Plaintiff.

46. At all times material hereto, Plaintiff, GRANT, complied, however, Defendant, SAUNDERS, escalated the encounter by physically attacking Plaintiff without cause, leading to Plaintiff's injury.

47. At all times material hereto, Defendant, SAUNDERS's, negligent actions directly caused Plaintiff's physical harm.

48. As a result of Defendant, SAUNDERS's, negligent actions, Plaintiff suffered severe injuries, including fractures to his left knee and leg, along with pain and emotional distress.

49. As a direct and proximate result of the actions of Defendant, SAUNDERS, Plaintiff GRANT, sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to

experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all triable issues.

## **COUNT V: EXCESSIVE FORCE (Fourth Amendment, 42 U.S.C. § 1983)**

50. Plaintiff, GRANT, sues Defendant, ROMARIO A. SAUNDERS, individually, under Florida law as follows:

51. Plaintiff, GRANT incorporates by reference paragraphs 1 through 21 as if fully set forth herein.

52. Defendant SAUNDERS' use of force was objectively unreasonable because Plaintiff was not engaged in criminal activity, posed no immediate threat to the officer or others, and did not actively resist or attempt to flee.

53. Plaintiff, GRANT sought to communicate and even extended his hand to Defendant, SAUNDERS.

54. Despite this, Defendant SAUNDERS' twice lunged at Plaintiff GRANT and ultimately forced Plaintiff GRANT violently to the ground, causing a fractured ankle requiring surgery.

55. As a direct and proximate result of the actions of Defendant SAUNDERS, Plaintiff GRANT, sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to

experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, ROMARIO A. SAUNDERS, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all triable issues.

.

## COUNT VI (AMENDED): VICARIOUS LIABILITY

56. Plaintiff, BRYANT GRANT, sues Defendant, CITY OF WEST PALM BEACH, under Florida law as follows:

57. Plaintiff, GRANT, incorporates by reference paragraphs 1 through 55 as if fully set forth herein.

58. At all times material hereto, Defendant SAUNDERS was acting within the course and scope of his employment as a City police officer.

59. At all times material hereto, Defendant SAUNDERS was dispatched by Defendant CITY communications personnel in response to a ShotSpotter alert and was carrying out official law enforcement duties.

60. At all times material hereto, Defendant SAUNDERS' encounter with Plaintiff occurred while performing these duties, including responding to calls, investigating potential crimes, and detaining individuals in the field.

61. To the extent the trier of fact finds Defendant, SAUNDERS' conduct was negligent, wrongful, or excessive but not malicious, wanton, or in bad faith, Defendant CITY is vicariously liable for Defendant, SAUNDERS' actions pursuant to §768.28, Florida Statutes.

62. As a direct and proximate result of the actions of Defendant SAUNDERS, imputed on Defendant CITY, Plaintiff GRANT sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, CITY OF WEST PALM BEACH, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all triable issues.

## COUNT VII (NEW): OPERATIONAL NEGLIGENCE

63. Plaintiff, BRYANT GRANT, sues Defendant, CITY OF WEST PALM BEACH, under Florida law as follows:

64. Plaintiff, GRANT, incorporates by reference paragraphs 1 through 62 as if fully set forth herein.

65. At all relevant times, the Defendant CITY, acting through its dispatch/communications personnel, was responsible for receiving, processing, and transmitting ShotSpotter data to responding officers.

66. The ShotSpotter system generated conflicting information, multilateration coordinates west of the canal (Golf Avenue) and an automatically assigned address east of the canal (1387 9th Court).

67. At all relevant times, the Defendant CITY, dispatch negligently relied on and transmitted the erroneous address rather than verifying the coordinates, resulting in officers, including Defendant SAUNDERS, being sent to the wrong location.

68. The Defendant CITY's dispatch personnel failed to exercise reasonable care in performing these operational-level functions, which were ministerial and not policy-making in nature.

69. By transmitting incorrect location data without verification, Defendant CITY created a foreseeable and unreasonable risk that its officers would confront individuals who had no connection to the reported event.

79. As a direct and proximate result of this operational negligence, Defendant SAUNDERS encountered Plaintiff GRANT in the wrong location, unlawfully detained him, and used excessive force that caused Plaintiff's fractured ankle and other damages.

80. Plaintiff, GRANT, suffered loss of liberty and sustained bodily injuries and/or aggravation of pre-existing conditions. He has suffered emotional distress and psychological trauma. Plaintiff has experienced, and will continue to experience, significant mental and physical pain and suffering. Furthermore, Plaintiff has incurred, and will continue to incur, substantial medical expenses for necessary treatment and care.

**WHEREFORE**, Plaintiff, BRYANT GRANT, demands judgment against Defendant, CITY OF WEST PALM BEACH, for damages in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, and further demands a trial by jury as to all triable issues.

ADOLPHE LAW GROUP, P.A
Attorney for Plaintiff
3918 Via Poinciana Drive Suite 1
Lake Worth, FL 33467
Telephone:      (561) 660-7776
Fax No.:         (561) 660-7082
rjadolphe@adolphelawgroup.com
dfacey@adolphelawgroup.com
BY:      */s/ Rollande J. Adolphe*
            Rollande J. Adolphe
            Florida Bar No. 93772